### In re FURNITURE RENTORS OF AMERICA, INC.

### FURNITURE RENTORS OF AMERICA, INC.

v.

### NYNEX INFORMATION RESOURCES COMPANY.

Bankruptcy No. 92–5–7878–SD.
Civ. No. S 94–72.
Adv. No. 93–5595–ESD.

United States District Court,
D. Maryland.

Jan. 14, 1994.

Thomas C. Beach, III, Paul M. Nussbaum, Lawrence J. Yumkas, Whiteford, Taylor & Preston, Baltimore, MD, for plaintiff.

Antoinette C. Rogers, Gordon, Feinblatt, Rothman, Hoffberger & Hollander, Baltimore, MD, for defendant.

### MEMORANDUM OPINION

SMALKIN, District Judge:

This is a bankruptcy proceeding involving a debtor's amended objection to a claim in bankruptcy and an amended counterclaim asserted by the debtor, which matters have been joined as an adversary proceeding. The debtor, having prayed a jury trial, now seeks to withdraw these matters from the jurisdiction of the Bankruptcy Court, by way of a motion to withdraw the standing reference. The movant states, and the Court agrees, that these are "core proceedings," as defined in 28 U.S.C. § 157(b)(2).

The motion will be denied, for reasons that follow.

■ In its very recent decision in *In re Stansbury Poplar Place, Inc.*, 13 F.3d 122 (4th Cir.1993), the Fourth Circuit held that Bankruptcy Judges have no power to conduct jury trials, even in "core proceedings." That court also held, however, that the fact that Bankruptcy Judges cannot conduct the trial itself does not warrant an automatic withdrawal of the standing reference order, given

the Bankruptcy Court's familiarity with, and inevitable role in handling other aspects of, the bankruptcy case. In fact, the Fourth Circuit suggested that it might often be a preferable exercise of the District Court's discretion to leave the case with the Bankruptcy Court until the trial itself.

Having reviewed the present motion, this Court has decided to let the order of reference stand, without prejudice to renewal of the motion to withdraw at a later stage of the case, but not before the pre-trial conference. If there is a pre-trial conference before the Bankruptcy Court and a jury trial needs to be scheduled, the movant may renew the motion for withdrawal, at which time this Court will see to it that the case is properly assigned for trial.

Because the question involved in this case is apt to arise on a recurring basis, and because this member of the Court is of the opinion that only in exceptional cases will there be circumstances justifying the withdrawal of the standing reference in core matters at an early stage of the proceedings, this opinion will be published to give the appropriate guidance to the bankruptcy bar on this Court's intentions regarding implementation of the relevant portion of the Fourth Circuit's opinion in the *In re: Stansbury Poplar Place, Inc.* case.

A separate order will enter accordingly.

### ORDER

For the reasons stated in a Memorandum Opinion entered this date, it is, by the Court, this 14th day of January, 1994, ORDERED:

1. That the debtor's motion to withdraw reference BE, and it hereby IS, DENIED, without prejudice to its renewal as stated in the said Opinion.